# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ROLLINS,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>        Defendants. | Case No. CV 09-4939-RSWL (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On August 3, 2009, Dennis Rollins ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. §§ 1983 and 1985.

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't,

901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by

amendment should the complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the complaint under the relevant standards and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim on which relief may be granted and **ORDERS** the complaint **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Although his claims are difficult to decipher, Plaintiff appears to allege four separate claims. First, Plaintiff claims that certain individuals with the Los Angeles County Superior Court Commission on Judicial Performance, the Los Angeles County District Attorney's Office, the Office of the Los Angeles County Counsel, and the Los Angeles County Board of Supervisors have adopted a "secret pocket policy" to convict citizens wrongfully, in violation of his First, Sixth, Eighth, and Fourteenth Amendment Rights. (Petition at 5A.) Plaintiff alleges that these policies were manifested by a host of errors during the course of his 2007 prosecution in Los Angeles County Superior Court on charges of petty theft with priors (Complaint, Exhibit A, 10/26/07 Preliminary Transcript Hearing at 5), including denial of a continuance of the preliminary hearing, denial of the right to subpoena witnesses on his behalf at the preliminary hearing, denial of the right to confront witnesses against him at the preliminary hearing, ineffective assistance of counsel (although he apparently represented himself), and malfeasance by his court-appointed investigator. (Petition at 5A-5D.)

Second, Plaintiff again claims that certain individuals with the Los Angeles County Superior Court, Office of the Los Angeles County Counsel, and the Los Angeles County Board of Supervisors have adopted a "secret pocket policy" to convict citizens wrongfully, in violation of his First, Eighth, and Fourteenth Amendment Rights. (Petition at 5E-5F.) Plaintiff alleges that these policies were manifested when the "Los Angeles County Court Clerks" conspired with "other state actors" to dismiss a civil action brought by Plaintiff. (Id.)

Third, Plaintiff claims that certain individuals with the "Rampart Police Department," the Office of the Los Angeles County Counsel, and the Los Angeles County Board of

Supervisors adopted a "secret pocket policy" to convict citizens wrongfully, in violation of his First, Sixth, Eighth, and Fourteenth Amendment Rights.  (Petition at 5G-5H.)  Plaintiff alleges that these defendants turn "a blind eye towards justice, allowing corrupt activities solely for the purpose of violating every known Constitutional Right."  (Petition at 5H.)  Plaintiff alleges that these policies were manifested when police officials "in concert with other state actors" purposely failed to preserve evidence that would have proven Plaintiff's innocence.  (Id.)

Fourth, Plaintiff claims that certain individuals with the Los Angeles County Jail, the Office of the Los Angeles County Counsel, and the Los Angeles County Board of Supervisors adopted a "secret pocket policy" to convict citizens wrongfully, in violation of his First, Fifth, Eighth, and Fourteenth Amendment rights.  (Petition at 5I.)  Plaintiff alleges that these defendants turn "a blind eye towards justice, allowing corrupt activities solely for the purpose of violating every known Constitutional Right."  (Petition at 5J.)  Plaintiff alleges that he was purposely hindered from defending himself from felony charges by jail personnel because they did not recognize his pro se status, the law library had outdated materials, he was not able to receive legal supplies in a timely manner, and he was placed into segregated housing without cause in order to prevent him from defending himself.  (Id.)  Plaintiff also includes with his fourth claim allegations of "medical malpractice."  Specifically, plaintiff alleges he was not given adequate oral hygiene supplies, which has contributed to gum disease "and other oral complications," and that he was not informed of possible side effects of medication he received, which has caused him liver damage.  (Petition at 5K.)

Plaintiff seeks compensatory and punitive damages.  (Complaint at 6A.)

## DISCUSSION

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.    Plaintiff Must Name All Defendants In the Caption**

Plaintiff names only the County of Los Angeles as a defendant in the caption of the Complaint.  (Complaint at 1.)  In the body of the Complaint, however, Plaintiff makes

4

allegations against defendants not named in the caption, including: (1) "Superior Court Officials" of the Los Angeles County Superior Court; (2) "Executive Officers and Clerks" of the Los Angeles County Superior Court; (3) "Police Officials" of the "Rampart Police Department;" (4) "Sheriff Officials" of the Los Angeles County Jail; and (5) "Medical Officials" of the Los Angeles County Jail. (Complaint at 3-4.) Plaintiff purports to sue these defendants in both their individual and official capacities. (Id.) He claims that each of the first four categories of defendants "conspired to violate state and federal statutory rights and constitutional [sic]," and that the fourth category of Defendants, certain "Medical Officials" of the Los Angeles County Jail, were professionally negligent and committed medical malpractice. (Id.) Plaintiff also complains of the actions of various other individuals in the body of his complaint, but does not specifically identify them as defendants.

The individuals, or groups of individuals, named as "defendants" in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States marshal to serve the Complaint on any defendant not named in the caption.

**II.      Plaintiff Has Failed to Comply With Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a) states:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

1  Id. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions." Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002).  "Each averment of a
3  pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e).
4        Although the Court must construe a pro se plaintiff's complaint liberally, plaintiff
5  nonetheless must allege a minimum factual and legal basis for each claim that is sufficient
6  to give each defendant fair notice of what plaintiff's claims are and the grounds upon which
7  they rest. Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).
8  Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a
9  complaint that applies even if the claims in a complaint are not found to be wholly without
10 merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v.
11 Northcoast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).
12       Here, the complaint does not contain a short and plain statement of plaintiff's claims
13 sufficient to provide each defendant with notice of their allegedly wrongful acts. See, e.g.,
14 Brazil, 66 F.3d at 199.  To state a claim against a particular individual defendant for violation
15 of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting
16 under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a
17 federal statute. Karim-Panahi, 839 F.2d at 624.  "A person deprives another 'of a
18 constitutional right, within the meaning of section 1983, if he does an affirmative act,
19 participates in another's affirmative acts, or omits to perform an act which he is legally
20 required to do that causes the deprivation of which [the plaintiff complains].'" Leer v.
21 Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743
22 (9th Cir. 1978).
23       Plaintiff asserts generally that numerous constitutional rights were violated (see, e.g.,
24 Complaint at 5, 5E, 5G, 5I).  The Court cannot ascertain the factual basis for these bare
25 assertions.  Even taking the allegations of the Complaint as true and in the light most
26 favorable to plaintiff, the allegations do not rise "above the speculative level." See Twombly,
27 550 U.S. at 555.  Even if Plaintiff did name as defendants the individuals identified in the
28 body of the Complaint, he has not identified clearly the particular affirmative acts or

omissions perpetrated by each such individual that caused the deprivation of rights of which Plaintiff complains. The allegations against these individuals are vague, conclusory, and lack sufficient particularity to put each individual on notice of any claims against them.

If Plaintiff seeks to bring any claim against any individual who allegedly deprived Plaintiff of a federal statutory or constitutional right, he must name each such individual as a defendant, if he is able to identify them. Otherwise, he may name them as a "Doe" or unknown defendant. He also must allege in each claim the specific acts or omissions committed by each individual defendant that caused each of the constitutional deprivations alleged. He must state the constitutional right that was violated by each defendant and specifically how the violation occurred.[1] Because he has failed to do so sufficiently as to any defendant, the Complaint must be dismissed with leave to amend.

### III. Plaintiff Has Failed to State a Claim for Violation of His First Amendment Rights

Plaintiff alleges that he was denied access to the courts, was unable to obtain legal supplies and access the law library, and was deliberately placed into segregated housing in order to hinder his ability to defend himself, all in violation of his First Amendment rights.

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). In order for plaintiff to establish a denial of access claim, he must show that he suffered an "actual injury" as a

---

[1] It also is not clear whether Plaintiff's claims are based on any theory of respondeat superior or vicarious liability. Supervisory personnel generally are not liable under § 1983 on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be liable under § 1983 only if the official was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; see also Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984). Accordingly, Plaintiff's claims would be insufficient to state a federal civil rights claim against any supervisory defendant, to the extent they are based on respondeat superior or vicarious liability.

1  result of the defendants' actions.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  To do so,
2  plaintiff must demonstrate that official acts or omissions "hindered his efforts to pursue a
3  legal claim," Id. at 351, and that the legal claim he would have pursued was not frivolous.
4  Id. at 353 n.3.

5       Under these standards, the Court finds that the allegations of the Complaint are
6  insufficient to state a claim for violation of plaintiff's First Amendment right of access to the
7  courts.  If he chooses to file an amended complaint, plaintiff must articulate facts that show
8  not only that he was denied access to the courts, but also how that denial resulted in an
9  "actual injury" to him.

10 **IV.   Plaintiff Has Failed to State a Claim for Violation of His Eighth Amendment**
11      **Rights**

12      As part of his fourth claim, Plaintiff alleges that "County Jail workers" deprived him of
13 oral hygiene supplies, which has contributed to gum disease and "other oral complications."
14 (Petition at 5K.)  He further alleges that he was issued medication without being informed of
15 its possible side effects and that "he suffered liver damage due to medical neglect."  (Id.)  By
16 these allegations, it appears that Plaintiff is attempting to raise a claim under the Eighth
17 Amendment that prison authorities were deliberately indifferent to his serious medical
18 needs.  See Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97,
19 106 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*
20 *grounds by* WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  A prison official is
21 "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate
22 health or safety; the official must both be aware of facts from which the inference could be
23 drawn that a substantial risk of serious harm exists, and he must also draw the inference."
24 Farmer v. Brennan, 511 U.S. 825, 837 (1970).  Deliberate indifference may be manifested
25 by the intentional denial, delay, or interference with the plaintiff's medical care, or by the
26 manner in which the medical care was provided.  See Estelle, 429 U.S. at 104-05;
27 Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999); McGuckin, 974 F.2d at 1059).
28 However, the defendant must purposefully ignore or fail to respond to the plaintiff's pain or

medical needs. See McGuckin, 974 F.2d at 1060. Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more), nor a difference of opinion over proper medical treatment, is sufficient to violate the Eighth Amendment. See Estelle, 429 U.S. at 105-06; Wakefield, 177 F.3d at 1165; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).

Here, Plaintiff alleges that his right to medical care was violated because unspecified individuals on unspecified dates failed to provide him with adequate oral hygiene supplies and failed to warn him of the side effects of unspecified medications. He specifically attributes at least some of this to "medical neglect." Mere neglect is insufficient to show deliberate indifference. Plaintiff has failed to plead facts demonstrating that prison medical personnel purposefully ignored or failed to respond to plaintiff's medical needs. Accordingly, plaintiff has failed to state a claim for inadequate medical care under the Eighth Amendment.

**V.     Plaintiff Has Failed to State a Claim for Conspiracy**

Plaintiff alleges that certain defendants conspired to convict him wrongfully. "To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989); see also Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 506 U.S. 999 (1992). Here, the Court finds that plaintiff's conclusory allegations do not give rise to an inference that any of the defendants conspired with each other to violate plaintiff's constitutional rights. Rather, the Court finds that plaintiff's conclusory allegations about the conspiracy do not rise "above the speculative level." Twombly, 550 U.S. at 555.

To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) the existence of a conspiracy to deprive plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000). The complaint must contain facts describing the overt

acts that the defendants committed in furtherance of the conspiracy; a mere allegation of the existence of a conspiracy is insufficient to state a claim under § 1985. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1532 (9th Cir.1992); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990), cert. denied, 502 U.S. 957 (1991); Karim-Panahi, 839 F.2d at 626. Further, plaintiff must allege that the conspiracy was the result of a racial or class-based animus. See Griffin v. Breckenridge, 404 U.S. 88, 102 (1971); Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Here, the Court finds that plaintiff's conclusory allegations are insufficient to support the inference: (1) that a conspiracy existed between any of the defendants; (2) that any of the alleged conduct by any of the defendants was done in furtherance of any such conspiracy; or (3) that any of the defendants was motivated by hatred toward plaintiff's race or class. For example, plaintiff alleges that "[t]he prosecution is in twine [sic] and in concert with the judges to allow a 'secret pocket policy' due to racial animus, and the need to destroy certain groups of individuals to protect job security for other groups of individuals (Blacks being major commodities)." (Complaint at 5B.) There are no facts alleged to support these bare assertions, and they are too speculative to satisfy the racial or class-based animus element of a § 1985(3) claim. Plaintiff's other references to a conspiracy are even more vague and speculative. (See, e.g., Complaint at 5G-H, 5I-J.)

Accordingly, the Court finds that the allegations of the Complaint are insufficient to state a claim for conspiracy to violate plaintiff's civil rights under 42 U.S.C. § 1985.

**VI.    Plaintiff Has Failed to State a Monell Claim Against the County of Los Angeles or Any of the Defendants in Their Official Capacities.**

Plaintiff names the County of Los Angeles as the sole defendant in the caption of the Complaint. He also purports to bring claims against certain persons in their official capacities. (Complaint at 3-4.) These additional persons are not named in the caption. The Court has found that they are not defendants in this action. Even if they were proper defendants, however, plaintiff has failed to state a claim against them in their official capacities. The Supreme Court has held that an "official-capacity suit is, in all respects

other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159.

Furthermore, the Supreme Court has held that a local government entity such as the County of Los Angeles, the Los Angeles Police Department, or the Los Angeles County Sheriff's Department, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York Dep't. of Social Services, 436 U.S. 658, 694 (1978).

Here, Plaintiff has made broad allegations of secret policies implemented by various individuals, but he has failed to identify such policies or explain how the execution of those policies inflicted the injuries of which he is complaining with sufficient particularity. The Court, therefore, finds that the allegations of the Complaint are insufficient to state a claim upon which relief may be granted against the named defendant County of Los Angeles or any of the named individuals in their official capacities.

\* \* \* \* \* \* \* \* \*

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Defendant must name separately each individual defendant against whom he brings his claims, identify clearly the basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out

1 exactly in accordance with the directions on the form; and (4) be complete in and of itself
2 without reference to the previous complaints or any other pleading, attachment or
3 document.  The Clerk is directed to provide Plaintiff with a blank Central District of California
4 civil rights complaint form, which Plaintiff must fill out completely and resubmit.  Plaintiff
5 must write legibly.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and for failure to comply with a Court order.**

DATED: October 8, 2009            /s/ John E. McDermott
                                                         JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE